BOARD OF SUPERVISORS OF HUMBOLDT COUNTY et al., Appellees,

v. INCORPORATED TOWN OF DAKOTA CITY et al., Appellants.

**MANDAMUS:**  Parties Plaintiff—Drainage Proceedings.  Mandamus
1  will lie, at the instance of a board of supervisors, to compel a city council to levy a tax to pay for drainage benefits to streets and alleys.

**DRAINS:**  Establishment—Sufficiency of Notice.  A notice of the proposed establishment of a drainage district is all-sufficient as to a city or town when the notice is addressed (1) to the city or town by name, (2) to the city clerk by name, and (3) to the inhabitants generally.

**DRAINS:**  Establishment—Service of Notice.  Service of a notice of the proposed establishment of a drainage district is sufficient if made *by publication.*

**DRAINS:**  Assessments—Streets and Alleys.  An assessment to pay drainage benefits to the streets and alleys of a city or town should be made *against the city or town itself.*

*Appeal from Humboldt District Court.*—JAMES DELAND, Judge.

DECEMBER 15, 1922.

ACTION in mandamus, to compel the officers and agents of the incorporated town of Dakota City to levy a tax to create a fund for the payment of a certain assessment levied for benefits in the establishment of a certain drainage district.—*Affirmed.*

*Kelleher & Mitchell,* for appellants.

*Mitchell & Files* and *John Cunningham,* for appellees.

FAVILLE, J.—The cause was submitted on an agreed statement of facts. It appears therefrom that Drainage District No. 80, in Humboldt County, was duly established by the board of supervisors of said county as a drainage district, and included therein certain streets, alleys, and public grounds of the incorporated town of Dakota City. A contract for the construction of the improvement was duly let, and the improvement was completed and accepted, and a benefit commission appointed, as provided by law, which commission reported an assessment against the incorporated town of Dakota City for benefits to streets and alleys, in the sum of $2,270, notice of which assessment was published; and said assessment was subsequently confirmed by the board of supervisors. This action is brought in mandamus, to compel the incorporated town of Dakota City, by its proper officers, to levy a tax for the purpose of raising funds with which to pay said assessment.

1. MANDAMUS: parties plaintiff: drainage proceedings.

I.   It is first contended that the action of mandamus will not lie at the instance of a board of supervisors acting in behalf of a drainage district. Section 1989-a14, Code Supplement, 1913, provides, in part:

"In all actions or appeals involving or affecting the drainage district, the board of supervisors shall be a proper party for the purpose of representing the drainage district and all interested parties therein, other than the adversary parties thereto, * * * and in all appeals or actions for or in behalf of the district, the board of supervisors and the drainage district it represents may sue as and be entitled the plaintiffs."

Code Section 4345 provides:

"The order of mandamus is granted on the petition of any private party aggrieved, without the concurrence of the prosecutor for the state, or on the petition of the state by the county attorney, when the public interest is concerned, and is in the name of such private party or of the state, as the case may be in fact brought."

In *State v. Bailey,* 7 Iowa 390, we said:

"In America, it has been expressly held that, in a matter of public right, any citizen may be a relator, in an application for a mandamus. *The State ex rel. Rice v. County Judge of Marshall County,* ante 186, citing *The People v. Collins,* 19 Wend. 56; *Pike County v. The People,* 11 Ill. 202; *Napier v. Poe,* 12 Ga. 170. Having in view this pre-existing law, and the manifest necessity of the case, in those instances which relate to public rights and interests, the expression, 'party beneficially interested,' used in our statute (Code Section 2183), is not to receive a close construction, but is to be applied liberally, and so as to promote the ends of justice. It was not, probably, intended to restrain the former law, further than to direct that the application should be made by those connected with the matter."

We are of the opinion that the board of supervisors, of Humboldt County, acting in behalf of Drainage District No. 80 of said county, could maintain this action in mandamus.

II. In argument, the appellant says:

"It is the contention of the appellants, the town of Dakota City, that no notice was ever served upon the town of Dakota City, or any of its officers; and under the agreed statement of facts, there is no contention that any notice was given to the town of Dakota City of the establishment of said Drainage District No. 80, other than the notice which was published in the paper, and is addressed as follows: 'John A. Koob, Clerk of Dakota City, Iowa.' It is the contention of the defendant that such notice is no notice to the town of Dakota City, Iowa; that it is not addressed to the town of Dakota City, but is addressed to John A. Koob."

2. DRAINS: establishment: sufficiency of notice.

Section 1989-a3, Code Supplement, 1913, provides that, be-

fore the board of supervisors shall act upon the matter of the establishment of a proposed drainage district, notice shall be given to the owners of each tract of land or lot within the proposed levee or drainage district, as shown by the transfer books at the auditor's office, and ''also to all other persons whom it may concern, including actual occupants of the land in the proposed district.'' In this case, the notice was addressed to various property owners, and also to ''Dakota City,'' ''Dakota City Streets,'' and ''John A. Koob, Clerk of Dakota City, Iowa.'' It was also addressed ''to all parties in actual occupancy of or claiming any right, title, or interest in or to any of the following described real estate situated in Dakota City, Iowa, * * * including highways, streets, and alleys within the boundaries of said drainage district.''

We think that this notice was sufficient. It was addressed to Dakota City, and also to the town clerk, by name and official title. It apprised the public officials, as well as the inhabitants of the said town, that the streets and alleys of said town might be included in the proposed drainage district, and affected by its establishment. It substantially complied with the statute.

III. It is contended that the notice was not served *personally* on the town clerk. Section 1989-a3 provides:

''Which notice shall be served, except as otherwise hereinafter provided, by publication thereof once each week for two consecutive weeks in some newspaper of general circulation published in the county.''

**3. DRAINS: establishment: service of notice.**

The notice was served in accordance with the statute. No other provision is made for service than by publication, and that method was pursued. Personal service is not required.

IV. It is contended that the board of supervisors could not levy a special assessment against the appellant town for benefits to the streets and alleys, because of the general provisions of the drainage statute that special assessments shall be levied ''against the property so benefited.''

**4. DRAINS: assessments: streets and alleys.**

This is true as to property in general, but it has no application to the streets and alleys of a town; and under the statute,

the assessment is to be against the town itself, for the benefit to the streets and alleys.

We find no error in the matters of which complaint is made by appellant, and the decree of the trial court is, therefore,—*Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.